580

UNITED STATES of America ex rel.
Ralph Bernard FROEHLICH,

v.

E. P. FORRESTEL, Rear Admiral, U. S.
Navy, Commandant, Ninth Naval District, Great Lakes, Ill.; and Henry J.
Armstrong, Captain, U. S. Navy, Ninth
Naval District, Great Lakes, Ill.; and
J. F. Harper, Captain, U. S. Navy, Commanding Officer, Administrative Command, U. S. Naval Training Center,
Great Lakes, Ill.; W. T. Hyde, Commander, U. S. Navy, Executive Officer
of the Administrative Command, U. S.
Naval Training Center, Great Lakes,
Ill.; and W. H. Hippaka, Ens., USNR,
Legal Officer of the Administrative
Command, U. S. Naval Training Center,
Great Lakes, Illinois.

No. 55 C 1545.

United States District Court
N. D. Illinois, E. D.

Jan. 10, 1956.

Francis Heisler, Chicago, Ill., for petitioner.

Robert Tieken, U. S. Atty., Alexander Walter and Nicholas Manos, Asst. U. S. Attys., Chicago, Ill., for respondent.

CAMPBELL, District Judge.

This is a petition for writ of habeas corpus alleging that the several named respondents have wrongfully and illegally restrained the relator from his liberty. The petition was taken under advisement on briefs and, during its deliberation, the Court has ordered produced for its consideration the relator's record of trial by general court-martial.

The relator enlisted in the United States Navy on September 13, 1949, for a period of four years. On September 11, 1951, he was charged, by formal specifications, with having deserted the service while serving aboard the U.S.S. Duxbury Bay, said desertion having taken place on or about October 22, 1949, during his term of enlistment. The relator has not received a discharge from this enlistment.

The relator was apprehended by the FBI at Chicago, Illinois, on December 30, 1954, and was committed to and placed in confinement by the administrative command of the Naval Training Center at Great Lakes, Illinois. On February 2, 1955, he was notified of the charges and specifications which had been drawn against him, and on August 9, 1955, he was formally served with a copy of these charges and specifications. The relator was brought to trial before a general court-martial on August 9, 1955, and after the charge and specification had been read to him, but before entering his plea, the relator interposed his motion to dismiss predicated on the running of the statute of limitations as contained in Article 43(b) of the Uniform Code of Military Justice, 50 U.S. C.A. § 618(b), which provides as follows:

> "Except as otherwise provided in this article, a person charged with desertion in time of peace or any of the offenses punishable under sections 713–726 of this title inclusive shall not be liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command."

After considerable oral argument, the law officer of the general court-martial granted the motion to dismiss and the entire record was submitted to the convening authority pursuant to Section 67(f), Manual for Courts-Martial (1951). That section, in pertinent part, provides as follows:

> "But when the trial cannot proceed further as the result of the action of the court on a motion raising a defense or objection, the court will adjourn and submit the record of its proceedings so far as had to the convening authority."

Thereupon, the convening authority returned the record to the court-martial, instructing it to reconvene and reconsider its ruling on the relator's motion to dismiss, said action being authorized by Article 62(a) of the Code, 50 U.S. C.A. § 649(a).

At this juncture in the proceedings, the relator filed the present petition and all further military proceedings concerning the relator have been stayed pending this Court's decision on the petition.

Although based on the statute of limitations, the relator's motion to dismiss before the court-martial was actually bottomed on the fact that the form of oath prescribed by paragraph 114 of

the Manual for Courts-Martial was not administered to the relator's accuser when he signed the instant charge and specification. The relator argues, therefore, that the charge and specification were not sworn to by the accuser and that as a result no sworn charges were in fact received by the summary court-martial officer within the period of limitations contained in Article 43(b), supra. The law officer of the court-martial ruled in favor of the defendant (the relator herein) and granted the motion to dismiss. Counsel for the relator now argues that this ruling by the law officer was a finding of fact amounting to a finding of not guilty, foreclosing any further military proceedings on the grounds of lack of jurisdiction.

■ The relator's contention is manifestly untenable. Even the most cursory examination of the record before the instant court-martial would immediately disclose that there was no contested issue of fact for the law officer to consider. The record reveals that the prosecution agreed that the formal, prescribed oath was not given to the accuser. It was the prosecution's position that the prescribed oath need not be administered to the accuser in order for the charges to be sworn as required by the Code. The prosecution contended that it would suffice if the accuser stated that he had personal knowledge of the facts contained in the specification, that he believed them to be true, and that he, the accuser, felt morally bound by these assertions. The defense counsel contended otherwise. Thus considered, it seems quite obvious that the issue presented for the law officer's decision was a contested question of law and not of fact, and a ruling on this issue subjected the law officer to reversal much the same as any trial court's ruling on a legal issue would be amenable to reversal on appeal. Since there was no contested issue of fact presented for the court-martial's decision, the granting of the motion to dismiss did not amount to a finding of not guilty. It follows that the principle of double jeopardy does not apply for the simple reason that the relator has not, as yet, been placed in jeopardy within the meaning of this concept. I find, therefore, no authority in the Code, Manual, or reported cases which precludes the convening authority from taking such action as has been taken in the instant case.

■■ However, even assuming that the convening authority was powerless to review the law officer's ruling, or assuming that the convening authority's ruling was incorrect as a matter of law, this Court is, nevertheless, without jurisdiction to entertain the relator's petition at this stage in the military proceedings brought against him. At this juncture this Court can be asked to inquire only into the court-martial's jurisdiction of the person accused and the offense charged. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. In the instant case, there can be no question that the court-martial in question has jurisdiction of the offense charged. Jurisdiction of the person accused is had since he has not as yet been discharged from his enlistment. Article 2(1), Uniform Code of Military Justice, 50 U.S.C.A. § 552(1). These points having been satisfied, any further inquiry by this Court is foreclosed. The relator must now exhaust his military remedies before he petitions a civilian court for a writ of habeas corpus.

■ The result reached is, indeed, the most desirable one. If this Court were to entertain the relator's petition, it would, in effect, constitute itself as a court of appeals on any ruling of law formulated by the court-martial or convening authority. This would be contrary to the general intent of Congress in enacting the Uniform Code of Military Justice. There is a marked reluctance on the part of civilian judges to interfere with the determinations of military tribunals. De Coster v. Madigan, 7 Cir., 223 F.2d 906. Judge Major explains this reluctance in the De Coster case, supra, wherein he states at page 909:

583

"* * * Two basic principles underlie this judicial attitude. First, courts-martial together with their appellate agencies form a special type of judicial system which is part of the Executive branch and which is constitutionally independent of the Federal courts. Second, in the present Uniform Code of Military Justice, as in the former Articles of War and Articles for Government of the Navy, Congress has established strong safeguards for the rights of persons accused of offenses against military law."

The conclusion is that civilian courts should not be called upon to decide questions of law which are capable of being determined within the peculiar framework of the military judicial system. Nor should a civilian court review errors which are capable of being remedied within the military judicial system. See Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Easley v. Hunter, 10 Cir., 209 F.2d 483; Suttles v. Davis, 10 Cir., 215 F.2d 760, certiorari denied 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709, rehearing denied 348 U.S. 932, 75 S.Ct. 343, 99 L.Ed. 731.

In the instant case, the controlling issue is whether the formal oath, prescribed by the Manual, must be administered to the accuser in order for the charges to constitute sworn charges within the purview of Article 43(b), supra. Manifestly, this is an issue of law which can, and should, be resolved within the military judicial system formulated by Congress. If the result reached within that framework does not measure up to the requirements guaranteed by the Constitution, then, and then only, may the relator petition a civilian court for a writ of habeas corpus.

This reasoning applies with equal vigor if we were to assume, for purposes of argument, that the convening authority in the present case acted beyond his statutory authority. If such is the case, this error could also be rectified within the military judicial system.

For the reasons stated, the relator's petition for writ of habeas corpus is hereby dismissed without prejudice to his rights of filing a new application following exhaustion of his military remedies under the Uniform Code of Military Justice.