Ernest Joseph MILLS, Appellant,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1963.

**312**

Samuel D. Menin, Denver, Colo., for appellant.

John E. Bush, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order of the United States District Court for the District of Colorado denying appellant's petition for a Writ of Habeas Corpus. Ernest Joseph Mills, appellant and petitioner below, is an inmate of the Colorado State Penitentiary, and appellee, Harry C. Tinsley, who was respondent below, is the warden of that institution.

Mills was tried and convicted by a jury in the District Court of the City and County of Denver, in 1959, for murder. The trial commenced on September 23 and the case was submitted to the jury at 12:35 P.M. on October 2. The jury was taken to lunch and actually commenced its deliberations at 2:00 P.M. The deliberations continued throughout that day and into the following day, October 3. At about 3:00 P.M., on that day, the jury, through the bailiff, informed the court that it was hopelessly deadlocked. The judge instructed the bailiff to tell the jury he had no response to the report. At approximately 5:00 P.M. of that day, over objection of counsel for the defendant, the court gave an additional instruction to the jury.[1] The jury

---

1. "It not appearing to the court at this time that there is any misunderstanding or disagreement among you as to the law of this case or the interpretation of the instructions that your deliberations have already been unusually prolonged without an agreement being reached; I deem it necessary to the administration of justice that this further instruction relative to your duties as jurors be now given:

"You should consider that this case must at sometime be decided; that you have been selected in the same manner and from the same source as any future jury must be; that there is no reason to suppose that the case will ever be submitted to twelve men more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will be produced on the one side or the other; that in order to bring twelve minds to a unanimous conclusion you must examine the questions submitted to you with candor and a proper regard and deference to the opinions of

each other; that you ought to pay proper respect to each other's opinions and listen with a disposition to be convinced to each other's arguments.

"If a majority of your number are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one which makes no impression upon the minds of so many men equally honest and intelligent with himself, who under the sanction of the same oath have heard the same evidence, with the same attention and an equal desire to arrive at the truth.

"On the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to, doubt the correctness of a judgment from which so many of their number dissent, and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows.

"And, while at the last each juror must act upon his own judgment concerning

then resumed its deliberations but at about 5:40 P.M. again informed the court, through the bailiff, that it was still hopelessly deadlocked. Upon instructions from the court, the jury was taken to dinner at 6:00 P.M. but the record does not disclose at what time they resumed their deliberations. At 8:50 P.M., the jury reported that it had reached a verdict, and, the verdict, finding the defendant guilty of second degree murder, was thereupon returned and received. The sentence now being served by Mills was duly pronounced upon him.

An appeal from that conviction was taken by Mills and the Colorado Supreme Court affirmed the same.[2] Certiorari was denied by the United States Supreme Court.[3] Therefore, 28 U.S. C. § 2254 has been complied with.

Appellant is critical of the giving of the additional instruction to the jury, but he admits that the substance of it has been approved in numerous cases.[4] His complaint here embraces the giving of the instruction together with the particular circumstances of the case, which he contends amounted to coercion upon the jury and a denial of due process under the Federal Constitution.

The law is well established that the length of time a jury may be kept together for deliberation is discretionary with the trial judge.[5] The law is also settled that the trial judge may not coerce the jury into the returning of a verdict. To compel a jury to agree upon a verdict is a denial of a fair and impartial jury trial, and, hence is a denial of due process.

The facts in this case do not present an unusual situation. The actual trial of the case was commenced on September 23 and the case finally submitted to the jury on October 2. It was a lengthy trial upon the serious issue of the defendant's guilt or innocence of the crime of murder. It was such a case as would justify extended jury deliberations. The record shows the return of a verdict within approximately 31 hours after submission, during which time, we assume, the jury was permitted to take time away from its deliberations for eating and sleeping. The length of time the trial judge kept the jury deliberating was not, within itself, coercion. Nor, did the giving of the additional instruction, after more than a full day of deliberation, amount to coercion or an abuse of discretion.[6]

Appellant urges that, because the court, after giving the additional instruction and being thereafter advised by the jury for a second time that it was deadlocked, sent the jury out for dinner and then held them in deliberation until they reached a verdict, a clear showing of coercion is made. With this we do not agree. The jury cannot determine the length of its deliberations, since, as we have seen, that is the function of the trial judge in the exercise of sound judicial discretion. It is not unusual for a jury to advise the court that it is deadlocked and to thereafter agree and return a verdict. Every trial judge frequently encounters that situation. Experience in the trial of jury cases demonstrates that jurors are not always the

the evidence in the case and not upon the judgment of his fellows, it is your duty, guided by the foregoing and by all of the instructions heretofore given in this case, to decide the case, if you can conscientiously do so.

"It is accordingly ordered by the court that you be returned to your jury room for further deliberation."

2. Mills v. People, 146 Colo. 457, 362 P. 2d 152.

3. Mills v. Colorado, 369 U.S. 841, 82 S.Ct. 841, 7 L.Ed.2d 846.

4. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528; Sevilla v. People, 65 Colo. 437, 177 P. 135; Mills v. People, 146 Colo. 457, 362 P.2d 152.

5. United States v. Minieri, 2 Cir., 303 F. 2d 550, cert. denied 371 U.S. 847, 83 S. Ct. 79, 9 L.Ed.2d 81; United States v. Novick, 2 Cir., 124 F.2d 107, cert. denied, 315 U.S. 813, 62 S.Ct. 795, 86 L.Ed. 1212; Mendelson v. United States, 61 App.D.C. 127, 58 F.2d 532; 53 Am.Jur., Trial, § 962, p. 677, Annot. 85 A.L.R. 1420.

6. Olguin v. People, 115 Colo. 147, 170 P.2d 285.

best judges of whether or not they are able to reach a verdict. In most cases for twelve human minds to agree, it takes careful consideration of the law and the evidence in the case and after that, discussion among the jurors of their views of the case. It is this kind of serious deliberation that is contemplated in our jury system. An experienced trial judge, in most cases, should be able to tell whether a jury has given its best consideration to the case. Therefore, the law imposes upon the trial judge judicial discretion to determine when the jury is deadlocked and unable to reach a verdict. The circumstances of this case preclude the finding that the trial judge abused his discretion or that Mills was denied due process.

Affirmed.