338 F.2d 179
 Richard Lee DeVAULT, William Lee matter of discretion
resting with trial after thirteen hours of
deliberation, was Humphreys, and Donald
Thompson, Appellants,
v.
UNITED STATES of America, Appellee.
 Nos. 7736, 7738.
 United States Court of Appeals Tenth Circuit.
 Nov. 16, 1964.
 
 Roy Cook, Kansas City, Kan., for appellants.
 Thomas E. Joyce, Asst. U.S. Atty. (Newell A. George, U.S. Atty., with him on the brief), for appellee.
 Before PHILLIPS, PICKETT and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 The three appellants were convicted by a jury for a violation of the Mann Act, 18 U.S.C. 2421, and have taken this appeal.
 
 
 2
 The record shows that appellants met with others at a playground in Kansas City, Kansas, and after some discussion it was agreed that they would have a party. It was also agreed that they go to Kansas City, Missouri, and pick up a girl who lived there and was known by one of the appellants. The appellants in one car, and the other defendants in another car, went to the house of the girl, and there picked up her and her sister. The record shows the group rode around in Missouri, made several stops, and then went to an abandoned quarry in Kansas where one of the girls was raped. The girls testified that they agreed to go only to a drive-in near their home, and when they were not taken there, repeatedly requested to be taken home, but the appellants refused to do so.
 
 
 3
 The appellants urge that the trial court committed several errors, including the denial of defendants' motion for severance, in requiring appellants to proceed at the trial in the order in which their names appeared on the information, and in further instructing the jury and requiring it to continue deliberations after reporting it could not agree. Appellants also urge that there was insufficient evidence upon which the jury could find appellants had the requisite intent.
 
 
 4
 There were seven defendants charged in the information, four of whom were acquitted. Six attorneys represented the accused at the trial. Each defendant moved for a severance, which was denied. The appellants assert that it was error for the trial court to refuse to grant each appellant a separate trial. They base their contentions primarily upon the fact that all but one of the seven defendants made statements to the investigating officers which, it was then apparent, would be introduced at the joint trial.
 
 
 5
 The record shows that one agent testified as to statements made to him by five of the defendants, and another agent testified as to the sixth statement. One written statement was introduced which was also testified to. In each instance the court admonished the jury at the time that the testimony as to the statements, and the one written statement, was hearsay as to all other defendants than the one making it and should not be considered as to any other defendant than the one who made the statement. Further, the trial court in its formal instructions to the jury referred specifically to these statements, and again stated that each was admissible only against the defendant making it and not admissible to implicate the others.
 
 
 6
 These statements in each instance describe the meeting of the appellants near a school in Kansas and their agreement to go to Kansas City, Missouri, to pick up some girls that appellant DeVault knew. The statements also describe the trip to the girls' house, the girls joining the group, various stops as the group drove around in one or two cars, and the final stop at the quarry in Kansas. The statements relate the arrival at the quarry, the gathering of the other men there and other cars, but do not relate any observation of, or participation in the molestation of the girls. The statements implicate other appellants to the extent they name those in the group, show them going from place to place, and the arrival at the quarry.
 
 
 7
 On several occasions, this court has considered the problems with which the trial court was faced in determining whether or not to grant separate trials to defendants jointly charged. In Baker v. United States, 329 F.2d 786 (10th Cir.), we held that the trial court's discretion was broad and its action would not be overturned unless a clear abuse of discretion was demonstrated. We also held that although one defendant may try to cast the blame on the others, this is not of itself reason to have separate trials. The authorities are collected and discussed in this cited case. The question is also considered in Maupin v. United States, 225 F.2d 680 (10th Cir.). Also in the recent case of Walton v. United States, 334 F.2d 343 (10th Cir.), the issue was presented. There two defendants moved for a severance because the confession of a third named them as the actual participants in a bank robbery in a clear and direct implication. We there reiterated the broad scope of the trial court's discretion and concluded that we were not prepared to say that the case was one in which the jury could not follow the court's instruction or that the court abused its discretion in denying the severance. The same statement may be made as to the case at bar. The trial court here was careful and clear in instructing the jury of the hearsay nature of the evidence as to all but the declarant, both at the time the statements were entered in evidence, and in its instructions before sending the jury out to deliberate. This was sufficient to meet an argument of prejudice. Gornick v. United States, 320 F.2d 325 (10th Cir.); Dennis v. United States, 302 F.2d 5 (10th Cir.). In addition, the content of the statements themselves indicates that they did not directly implicate the others in the crime. The fact that these recitations of events may have been repeated in several statements does not make the cumulative effect of such a character as to render the trial court's ruling in error. The trial court did not abuse its discretion in denial of the motions for severance.
 
 
 8
 The appellants also urge that it was error for the trial court to require them to proceed in the order in which the names of the defendants appeared in the information. This is a matter of discretion resting with the trial judge as a matter of the mechanics of the trial. The parties apparently could not agree on this point, and the solution reached by the trial judge was a proper one. The appellants have made no showing of prejudice.
 
 
 9
 The appellants argue that the scope, purpose, or intent of the Mann Act, 18 U.S.C. 2421, does not include non-commercial transportation indicated by the record, and further that there was no evidence of the presence of an intent to commit immoral acts before the group returned with the girls to the state of Kansas.
 
 
 10
 The authorities seem to be clear that the Act is broader in its application than to merely make illegal commercial vice. Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442; Long v. United States, 160 F.2d 706 (10th Cir.). Under this point, the appellants also urge that the evidence generally does not support the verdict. The jury however by its verdict found the element of purpose or intent to engage in 'debauchery and other immoral purposes' to be present at the proper time with the other elements of the offense. The record shows that appellants did not take the girls to the original destination, a drive-in restaurant, which they had told the girls was the object of the trip. The girls then protested, were told they would be returned home, but were not returned. The girls at the outset and repeatedly thereafter protested that they were not going to have 'a party.' The girls were asked, while in Missouri where they lived, whether they wanted to go to 'Club El Rocco,' and they replied they did not want to go there. They were not told what this club was although they asked. It turned out this was the name the defendants used for the abandoned quarry where the girls were ultimately taken. The intention to engage in the immoral purposes must be found to exist before the conclusion of the interstate journey. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331. The girls were repeatedly deceived as to their destination, and as to whether they were to be taken home or not. The evidence shows that the original intention of appellants was carried out. Under our decisions, it is sufficient if the dominant intent or purpose is the immoral one described in the Act, although there may be other purposes present. Long v. United States, 160 F.2d 706 (10th Cir.), and cases therein cited. Other circuits have reached the same result. Dunn v. United States, 318 F.2d 89 (5th Cir.); Reamer v. United States, 318 F.2d 43 (8th Cir.), and cases therein cited. The record shows that there was adequate evidence upon which the jury based its verdict.
 
 
 11
 The appellants also urge that they did not get a fair trial because the jury was allowed to deliberate for thirteen hours, and was given a 'shotgun' or 'Allen' instruction after it reported the members were hopelessly deadlocked. The record shows that this deliberation was not continuous as the jury was excused to go home for the night. Appellants' contentions in this respect are governed by the decision of this court in Mills v. Tinsley, 314 F.2d 311 (10th Cir.), cert. den. 374 U.S. 847, 83 S.Ct. 1907, 10 L.Ed.2d 1067. There the jury was sent out to deliberate at about 2:00 p.m. on the day concluding a lengthy trial. At about 3:00 p.m. on the following day, the jury informed the court that they were hopelessly deadlocked. At about 5:00 p.m. the court gave additional instructions to the jury similar to the supplemental instruction given here, and sent them back for further deliberation. The jury subsequently returned a verdict of guilty after some thirty-one hours of deliberation. In holding that the trial judge had not abused his discretion, we stated:
 
 
 12
 'The jury cannot determine the length of its deliberations, since, * * * that is the function of the trial judge in the exercise of sound judicial discretion. It is not unusual for a jury to advise the court that it is deadlocked and to thereafter agree and return a verdict. * * * Experience in the trial of jury cases demonstrates that jurors are not always the best judges of whether or not they are able to reach a verdict. In most cases for twelve human minds to agree, it takes careful consideration of the law and the evidence in the case and after that, discussion among the jurors of their views of the case. It is this kind of serious deliberation that is contemplated in our jury system. An experienced trial judge, in most cases, should be able to tell whether a jury has given its best consideration to the case. Therefore, the law imposes upon the trial judge judicial discretion to determine when the jury is deadlocked and unable to reach a verdict.'
 
 
 13
 The additional instructions here given did not constitute an abuse of discretion by the trial court.
 
 
 14
 Affirmed.