**Homer PAYNE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 19422.

United States Court of Appeals
Ninth Circuit.
Jan. 22, 1965.

Philip S. Malinsky, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before JERTBERG, KOELSCH and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

After trial to a jury, appellant was found guilty and thereafter sentenced to a three year term of imprisonment for violating 18 U.S. § 2312.[1]

Two assignments of error are relied upon: Plain error on the part of the District Court: (1) to admit into evidence testimony of a confession made by appellant; and (2) to fail to instruct the jury that it must disregard the confession of the defendant if found to be coerced or given involuntarily.

The facts are uncontroverted. On September 8, 1963, a green, 1953, four door, Dodge sedan was stolen from the used car lot of Tucson Auto Brokers in Tucson, Arizona. The theft was reported to the police. At the trial, a United States Customs Inspector testified that at approximately 1:45 P.M., the same day, in the course of his duties at the border between Nogales, Mexico and Nogales, Arizona, (Nogales, Arizona is 66 miles from Tucson, Arizona) he was approached by a man who stated that his name was Homer Payne and that he wished to cross into Mexico. The Customs Inspector further testified that such person signed the name "Homer Payne" on Customs Form 3231, a registration certificate of narcotic users and violators,[2] entered an older model green sedan, and crossed the border into Mexico. The Customs Inspector could not identify appellant as that person at the trial.

Although a discrepancy of one day exists in the testimony, it is apparent from the chronology of events disclosed by the record and by the Government's

---

1. 18 U.S.C.A. § 2312.
   "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. 18 U.S.C.A. § 1407 in part provides that: " * * * [N]o citizen of the United States who is addicted to or uses narcotic drugs, * * * shall depart from or enter into or attempt to depart from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official, agent, or employee at a point of entry or a border customs station."

exhibit #3, that appellant was arrested by Mexican police the same day, September 8. The arrest was made pursuant to a request to the United States Customs Agency Service by the Mexican police for information concerning Homer Payne and the license number of the Dodge automobile. The investigation revealed that the car had been stolen. The Mexican police had noticed the car parked on a side road outside Nogales, Mexico, but did not see appellant near it. Appellant and two companions were taken into custody, held for about 4 hours, and then released at the International Crossing into the custody of William Dalrymple, a Special Agent of the F.B.I.

On September 9th, the following morning, at about 9:00 A.M., appellant was taken before the United States Commissioner. Appellant does not contend that Rule 5(b) of the Federal Rules of Criminal Procedure [3] was not fully complied with. Appellant does not claim that he informed the Commissioner that he was without means to employ counsel, or that he requested the appointment of counsel, or an opportunity to consult counsel, or that he failed to understand the import of the statement made by the Commissioner.

The next day, September 10th, at approximately 9:00 A.M., appellant was visited at the county jail in Nogales, Arizona by Mr. Dalrymple, who testified that he informed appellant he did not have to make any statement; that any statement he made could be used against him in a court of law; and that he had a right to consult an attorney. He further testified, in substance, that appellant told him that he had taken the Dodge automobile in question from the used car lot and had driven it to Nogales, Mexico intending to trade it to a Mr. Sanchez for narcotics; that negotiations for the trade had been consummated; and that he had been arrested by the Mexican police while waiting for payment.

The record discloses that no testimony was offered on appellant's behalf.

Appellant first contends that the confession was erroneously admitted into evidence because at the time it was made appellant was without counsel.[4]

Relying upon recent decisions of the Supreme Court, appellant contends that incriminating statements made at the accusatory stage of the proceedings are inadmissible on trial unless the accused has first been informed of his right to the assistance of court appointed counsel, and unless he has knowingly waived such right.

The Sixth Amendment to the Constitution provides *inter alia,* that:

> "In all criminal prosecutions, the accused shall enjoy the right * * to have the Assistance of Counsel for his defense." U.S.C.Const. Amend. 6.

In Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), petitioner was sentenced to death following a conviction of a capital offense. On appeal he claimed that he had been denied counsel at the time of arraignment. His conviction was reversed. The court held the accused was entitled to the benefit of counsel at the time of arraignment because in Alabama it is a critical stage in a criminal proceeding.

In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d

---

3. 18 U.S.C.A. Rule 5

"* * * (b) Statement by the Commissioner. The commissioner shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules."

4. Upon his first appearance before the District Court, counsel was appointed to represent the appellant. With counsel present, he waived prosecution by indictment and elected to be prosecuted by information. Since that time appellant has been represented by court appointed counsel. F.R.C.P. Rule 44 was therefore complied with.

733 (1962), Gideon was charged with a felony under Florida law. Appearing in court without funds and without a lawyer, Gideon asked the court to appoint counsel for him, which request was denied. Gideon's conviction was reversed, the court holding that the right to assistance of counsel contained in the Sixth Amendment was obligatory on the States under the Fourteenth Amendment.

In White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1964), the accused was arrested in Maryland on the charge of murder. He was taken before a Maryland magistrate for a preliminary hearing and he pleaded guilty without having the advice or assistance of counsel. Counsel was later appointed for him and he pleaded not guilty at his formal arraignment, but the plea of guilty made at the preliminary hearing was introduced in evidence at his trial. White's conviction was reversed. The court held that the preliminary hearing was a critical stage in the proceeding at which the accused was entitled to the assistance of counsel.

In Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the defendant was indicted with one Colson for a federal offense and after pleading not guilty while represented by counsel was released on bail. Colson thereafter decided to cooperate with Government agents and succeeded in eliciting several incriminating statements from the accused, in the absence of counsel, while the two were engaged in conversation in Colson's automobile which had been wired for sound. The Supreme Court held that these statements, made during the absence of counsel, were inadmissible at the trial.

In June of this year, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), was decided. There the defendant was arrested in connection with the fatal shooting of his brother-in-law. Although held for 14½ hours, he made no statement during interrogation. 11 days later he was again arrested following an accusation by one DiGerlando that defendant had fired the fatal shots. En route to the police station, the arresting officers encouraged the defendant to "admit to this crime" but he replied "I am sorry but I would like to have advice from my lawyer." Shortly after defendant reached police headquarters, his retained lawyer arrived but despite repeated attempts over a 3 hour period to consult with each other, both were denied this opportunity. There was testimony that during the interrogation the defendant was handcuffed in a standing position and was in an "agitated" state. There was evidence, although contradicted, that at the time incriminatory statements were made by him, he understood he would be permitted to go home if he gave the statement and would be granted an immunity from prosecution. It was undisputed that the defendant was at no time during the interrogation advised of his Constitutional rights. The interrogation and statements implicating the defendant took place before formal indictment. Upon these facts it was there held:

> "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S., at 342, 83 S.Ct., at 795, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

An examination and comparison of the salient facts in the Supreme Court cases above mentioned and the case at bar

reveal significant and marked differences which we believe make them inapposite to this case. After arrest, and before any interrogation, appellant was promptly taken before a United States Commissioner who imparted the advice required by Rule 5(b), Federal Rules of Criminal Procedure. Appellant was then taken to the Nogales, Arizona jail where he remained until the following morning when the F.B.I. agent again informed appellant of his right to remain silent, of his right to consult counsel, and that any statement made by him could be used against him in a court of law.

We conclude, as did the District of Columbia Circuit in Jackson v. United States, 337 F.2d 136, at pages 140–141 (1964), a strikingly similar case on the facts:

"[T]hat no rule of law required the exclusion of this appellant's confession, voluntarily made, after he had been warned by the F.B.I., the police and the United States Commissioner acting pursuant to Rule 40 (b). He had not requested that counsel be appointed; he had retained no lawyer; that one was not then appointed for him denied him no right; and as the law now stands, there is no automatic rule of exclusion which will bar use of such a confession by an accused who has no lawyer, under circumstances such as appear on the record before us." (Footnotes omitted).

Under his second contention, appellant argues that the sole fact that a confession is made while the defendant is imprisoned may be psychological coercion and requires an instruction to the jury that they must disregard such confession if coerced.

It does not appear that appellant requested such an instruction or objected to an omission thereof as required by Rule 30, 18 U.S.C.A., Federal Rules of Criminal Procedure.[5]

■ It appears to be settled law that "[t]he mere fact that a confession was made while in the custody of the police does not make it inadmissible." McNabb v. United States, 318 U.S. 332, 346, 63 S. Ct. 608, 615, 87 L.Ed. 819 (1943); United States v. Mitchell, 322 U.S. 65, 64 S. Ct. 896, 88 L.Ed. 1140 (1944); Gallegos v. State of Nebraska, 342 U.S. 55, 65, 72 S.Ct. 141, 96 L.Ed. 86 (1951); Williams, et al. v. United States, 9 Cir., 273 F.2d 781 (1959), C.D. 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868.

"So long as no coercive methods by threats or inducements to confess are employed, constitutional requirements do not forbid police examination in private of those in lawful custody or the use as evidence of information voluntarily given." United States v. Carignan, 342 U.S. 36, 39, 72 S.Ct. 97, 99, 96 L.Ed. 48 (1951).

See Brown v. Allen, 344 U.S. 443, 475–476, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Stroble v. State of California, 343 U.S. 181, 195–198, 72 S.Ct. 599, 96 L.Ed. 872 (1952). Aside from the bare fact that the confession was made at a time when appellant was being held in jail, appellant adverts to nothing which might show coercion of any sort. The court instructed the jury that:

"All evidence relating to any admission or incriminatory statement

---

5. "Rule 30 Instructions

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error any portion of the charge or omission therefrom unless the objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis supplied.)

claimed to have been made by a defendant outside of court should be considered with caution and weighed with great care."

█ It is undisputed that there was no evidence of coercion of any kind introduced at the trial. Therefore, there can be no error, plain or otherwise, in failing to submit an issue to the jury for resolution when such issue never arose at the trial. Stillman v. United States, 177 F.2d 607, 619 (9th Cir. 1949); Iva Ikuko Toguri D'Aquino v. United States, 192 F.2d 338, 356 (9th Cir. 1951).

The judgment of conviction is affirmed.

Judge Browning would reverse for the reasons stated in the dissenting opinions of Judge Sobeloff in Davis v. North Carolina, 339 F.2d 770 (4th Cir. 1964), and Judge Fahy in Jackson v. United States, 337 F.2d 136 (D.C. Cir. 1964).