**UNITED STATES of America, Appellee,**

v.

**George Marcus SMITH, Appellant.**

**No. 9712.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 4, 1965.

Decided Nov. 2, 1965.

Edward C. Roberts, Spartanburg, S. C. (Court-assigned counsel), for appellant.

Albert Q. Taylor, Jr., Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Chief Judge.

In this direct appeal, we think the defendant is entitled to a new trial because the jury was given an unbalanced version of the "Allen" charge.

This Dyer Act case was submitted to the jury at some unspecified hour during the morning. At 12:15 o'clock in the afternoon, the foreman was recalled and asked if he thought the jury would soon reach a verdict. He responded that he thought not, whereupon the court instructed the Marshal to take the jury to lunch. Upon its return from lunch, the following proceedings were had:

The Court: I think I will charge this jury a little further. Is the defendant in Court? (Counsel and defendant were present.) (The jury returned to open Court.)

The Court: Mr. Foreman, have you agreed on a verdict?

The Foreman: We have not, your Honor.

The Court: Well, looking at you gentlemen, it seems to me you are just about as intelligent looking as the average juror, and it seems to me you wouldn't have any trouble agreeing together. Some jury has got to decide it one way or the other. While undoubtedly the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury-room. The very object of the jury system is to secure unanimity by a comparison of views and by arguments among the jurors themselves. A juror should listen with deference to the arguments and with a distrust of his own judgment if he finds a large majority of the jury taking a different view of the case from what he does himself. A juror should not go to the juryroom with a blind determination that the verdict shall represent his opinion of the case at the moment; or that he should close his ears to the arguments of men who are equally honest and intelligent with himself—and, I might add, to the arguments of women, who are presumed to be as intelligent as men.

I don't know, you have got eleven men and one woman on the jury. I don't know whether one woman is making a mistrial or not. I don't want to know. But, seriously speak-

ing, it is your duty to try to listen. I remember when I was a member of the bar many years ago, I heard a juror say—they sometimes listened at the keyhole, in the old days, long time ago when you could hear the jurors arguing through the keyhole at the old courtroom in Spartanburg—and elsewhere—and you could hear a juror say, "I'll stay here until hell freezes over before I will agree to anything except this."

That kind of juror has got no business being in the jurybox. I don't know how you stand on it, but one man is not smarter than any other people in the world. One woman is not smarter than any other people in the world, that I know of. In fact, old Solomon was supposed to be the wisest man that ever lived, but I think that probably we have had some just about as wise as he was since then.

But, seriously speaking about it, it is your duty to go in there and try to find a verdict, not try to make a mistrial. * * *

This case here is a case that you certainly—some jury has got to decide it. I can't tell you how long I am going to keep you in there to decide it. I think the longest they ever kept a jury tied up in deciding a case was when I was District Attorney. I believe they kept them up two days and one night. Of course, we have got some mighty good hotels here and mighty good motels and I'll give you a mighty good place to sleep under guard. I'm not saying I am going to keep you that long. I'm not saying how long I am going to keep you. I don't know in the first place and I wouldn't tell you if I did know. I'm not saying that as a threat, I'm just saying that it's in my discretion to keep you a reasonable length of time to see whether or not you can arrive at a verdict.

Forty minutes later the jury returned with a verdict of guilty.

■ Almost at the outset the district judge stated, "[W]hile undoubtedly the verdict of the jury should represent the opinion of each individual juror * * * *"; he did not otherwise inform the jurors "of their duty of dissent if dissent is founded upon reasoned conclusions reasonably arrived at and reasonably held." [1] It was not an adequate exposition of that ameliorating admonition which makes tolerable a charge upon the duty of individual jurors finding themselves in a minority to re-examine their views in the light of those of the majority and of their paramount duty of agreement.

We considered this kind of charge at length in United States v. Rogers, 4 Cir., 289 F.2d 433. What we said there applies here. The reader is referred to that opinion and to our earlier opinion in Rhodes v. United States, 4 Cir., 282 F.2d 59, 62.

■ The Government here asks affirmance, however, upon the ground that there was no objection to the charge at the time it was given. In a criminal case, however, particularly one in which the defendant is represented by court-appointed counsel and when omissions of trial counsel can be made the basis of a claimed deprivation of constitutional rights in subsequent collateral proceedings, we think this court should note as plain error a charge which is so clearly coercive.

■ The defendant also complains that, after he had taken the stand in his own defense, the prosecutor exceeded permissible limits of cross examination by seeking to elicit from him additional information about prior convictions which he had already admitted. Under such circumstances, the cross examination should be restricted to the fact of such convictions, and the details of the earlier criminal conduct should not be explored by the prosecutor. Whether or not permissible limits of cross examination in

1. United States v. Rogers, 4 Cir., 289 F.2d 433, 436.

that connection were exceeded in the first trial, however, we need not now decide, for we can assume that, upon retrial of the case, the District Attorney will be careful to stay within permissible limits, and that the District Court will see that he does.

Reversed and remanded.