**EASLEY v. HUNTER, Warden.**
**No. 4729.**

United States Court of Appeals
Tenth Circuit.
Dec. 30, 1953.

1. See Senate Report No. 2239, 81st Cong., 2nd Sess.

J. Paul Jorgensen, Wichita, Kan., for appellant.

Chester W. Wilson, Lieutenant Colonel, U. S. A. F., Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner, while on active duty in the United States Army, was convicted by a General Court-Martial of several offenses. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances due, or to become due, and to be confined at hard labor, at such place as the reviewing authority might direct, for a period of ten years. The Commanding General, 2d Air Force, reviewed the record and approved the sentence. The Board of Review then examined the record and sustained the sentence. The Assistant Judge Advocate General of the Army concurred in the action of the Board of Review and designated the United States Penitentiary at Leavenworth, Kansas, as the place of confinement.

After serving part of the sentence, the petitioner was paroled and subsequently taken into custody to complete his term. This habeas corpus petition was filed in the United States District Court of Kansas, and alleged as grounds for discharge that the petitioner had been denied the protection guaranteed him by the Fifth, Sixth and Eighth Amendments of the Constitution. The District Court dismissed the petition after a hearing, which had been delayed until the petitioner could exhaust his remedies under the new Uniform Code of Military Justice. 50 U.S.C.A. § 551

et seq. This appeal was permitted in forma pauperis.

An army court-martial tried the petitioner during the year 1944 upon three charges: the first, that he was absent without leave; second, that he failed to obey a lawful order from his superior officer, that he was drunk in uniform in a public place, and that he fraudulently obtained money by pretending to civilians that he was a member of the military police; and the third, that he had committed an act of rape. He was found guilty of all charges except those of drunkenness and rape. On the latter charge he was found guilty of assault with intent to commit rape. The petitioner makes no contention that the court-martial was not regularly convened, or that it did not have jurisdiction over his person at the time of trial, or that it was without jurisdiction over the crimes with which he was charged.

The petitioner contends that he was denied the constitutional guarantee of due process of law and the right to be confronted by the witnesses against him when the court-martial admitted a deposition in evidence during his trial. The crime of rape is a capital offense. Article of War 25, 10 U.S.C.A. § 1496,* provides that a duly authenticated deposition taken upon reasonable notice may be read in evidence before a military court in noncapital cases. The Manual for Courts-Martial prescribed by the President of the United States provides in pertinent part, in paragraph 119, that: "Under express consent of the defendants made or presented in court, but not otherwise, a court may admit depositions in testimony not for the defense in a capital case." The deposition was taken to prove the noncapital charges. The only reference to the rape charge was elicited by the defendant on cross-examination. During the trial the defendant in open court expressly waived any objection to the deposition and consented to its admission in evidence.[1] It

* Now 50 U.S.C.A. § 624.

1. The record of the court-martial trial shows the following:

"Prosecution: Subject to objection by the Defense, the prosecution at this time offers in evidence the Deposition of Doris

seems quite clear that the deposition was admissible to prove the noncapital charges and in addition that the defendant had consented to its use in the trial for all purposes.

█ The claim that the sentence of ten years at hard labor constituted cruel and unusual punishment as prohibited by the Eighth Amendment to the Constitution is without merit. Article of War 93, 10 U.S.C.A. 1946 Ed. § 1565,† provides that any person subject to military law who commits an assault with intent to commit a felony shall be punished as the court-martial may direct. The punishment fixed by the Table of Maximum Punishment for the crime of assault with intent to commit rape is twenty years. The sentence given was well within the discretion of the court-martial and will not be disturbed on habeas corpus. McKinney v. Finletter, 10 Cir., 205 F.2d 761.

█ Furthermore we agree with the District Court that the allegations of the petition and the record of the court-martial trial did not invoke its jurisdiction. Prior to the adoption of the Uniform Code of Military Justice, the Congress acting under Article 1, Sec. 8, Clause 14 of the Constitution, enacted regulations known as the Articles of War, 10 U.S.C.A. § 1471 et seq., for the government and regulation of the land and naval forces of the United States. From early times, our courts have recognized that the Constitution confers upon Congress, and not the courts, the power to provide for the trial and disposition of offenses committed by those in the armed forces and that the civil courts are limited to a consideration of the jurisdiction of courts-martial and that they have no supervisory or correcting

power over their decisions. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; United States v. Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. It has been indicated in a number of cases that the power of Congress in the government of the land and naval forces of the United States are not affected by any of the constitutional amendments. Hiatt v. Brown, supra; Johnson v. Eisentrager, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255; Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3; Ex parte Milligan, 4 Wall. 2, 71 U.S. 2, 138, 18 L.Ed. 281. The Articles of War and the Uniform Code of Military Justice both provide that the decisions of the appellate military tribunals shall be final and binding upon the courts. 10 U.S.C.A. § 1521(h); 50 U.S.C.A. § 663. These statutory provisions do not deprive civil courts of jurisdiction of habeas corpus jurisdiction in proper cases. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146.

It is now urged that Burns v. Wilson, supra, expands the jurisdiction of the civil courts beyond that of the former concept, and seemingly it does. It is said in the opinion that [346 U.S. 137, 73 S.Ct. 1048], "The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights. In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been

---

Patton for the reason that she has recently had an operation and unable to be present at this trial. I ask the accused, do you personally consent to the reading of this deposition?

"Accused: I do.

"Defense: We do not object to the deposition, but reserve the right to ob-

ject to any questions or answers as the deposition is read, as at the time the deposition was taken there was no one present to rule on any objections.

"Law Member: It will be admitted, and marked Prosecution Exhibit 4."

† Now 50 U.S.C.A. § 713 et seq.

exhausted." It was further stated, "For the constitutional guarantee of due process is meaningful enough, and sufficiently adaptable, to protect soldiers—as well as civilians—from the crude injustices of a trial so conducted that it becomes bent on fixing guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the military courts as well as the civil courts."

The court held that from an examination of the record the questions presented in the habeas corpus action had been fully and fairly considered and decided by the reviewing authorities provided for in the procedure for courts-martial and could not be retried in the civil courts. In other words, as we understand the Burns decision, it does no more than hold that a military court must consider questions relating to the guarantees afforded an accused by the Constitution and when this is done, the civil courts will not review its action.

The record before us discloses that this case was reviewed as provided for in the Articles of War; that in addition, after this petition was filed, a hearing thereon was delayed for the purpose of giving the petitioner an opportunity to exhaust his remedies under the new code. It is not alleged nor contended that the identical questions now presented were not fully and fairly determined in the military courts, nor is there any showing that the procedure for military review was not legally adequate to resolve the questions which are presented in this case. The effect of the petitioner's argument is that he was not accorded the guarantees afforded him by the Fifth, Sixth and Eighth Amendments. Therefore any decision of the court-martial which deprived him of these guarantees could not have constituted a full and fair hearing. This argument was rejected in Burns v. Wilson, supra.

Judgment affirmed.

