Louis M. SUTTLES, Appellant,

v.

Colonel James W. DAVIS, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas, Appellee.

Chastine BEVERLY, Appellant,

v.

Colonel James W. DAVIS, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas, Appellee.

James L. RIGGINS, Appellant,

v.

Colonel James W. DAVIS, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas, Appellee.

Nos. 4908–4910.

United States Court of Appeals,
Tenth Circuit.

Sept. 10, 1954.

Rehearing Denied Sept. 29, 1954.

Homer Davis, Leavenworth, Kan., and Elisha Scott, Topeka, Kan., for appellants.

James G. McConaughy, Lieutenant Colonel, Judge Advocate General Corps (Anthony T. Dealy, First Lieutenant, Judge Advocate General Corps, and William C. Farmer, U. S. Atty., Wichita, Kan., on the brief), for appellees.

Before BRATTON and MURRAH, Circuit Judges, and SAVAGE, District Judge.

SAVAGE, District Judge.

Petitioners, while serving in the army and stationed at Fort Leonard Wood, Missouri, were found guilty after a joint

trial by a general court-martial of premeditated murder and two robberies and each was given a death sentence. They have been confined at the United States Disciplinary Barracks at Fort Leavenworth, Kansas, pending execution of the sentences.

The sentences were upheld by army reviewing authorities, affirmed by the United States Court of Military Appeals and confirmed by the President. Having exhausted all remedies available to them under the Uniform Code of Military Justice, petitioners Suttles and Beverly joined in filing a petition, and petitioner Riggins filed a separate petition for writ of habeas corpus in the United States District Court of Kansas. After a full hearing in the District Court, the petitions were dismissed and this appeal followed.

Petitioners assert that the sentences are void because they were deprived of constitutional rights guaranteed by the Fifth and Sixth Amendments. More specifically, they contend that, (1) they were denied effective assistance of counsel, (2) they were not advised of their right to file a motion for new trial, and (3) their confessions were obtained by coercion and were therefore inadmissible in evidence.

■ At the outset it should be recognized that the range of inquiry in acting upon applications for habeas corpus from persons confined by sentence of military courts is more narrow than in civil cases. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141; Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Easley v. Hunter, 10 Cir., 209 F.2d 483.

In Hiatt v. Brown, supra [339 U.S. 103, 70 S.Ct. 498], the court limited the collateral inquiry to a determination of the jurisdiction of the sentencing court, as follows:

"* * * It is well settled that 'by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * *. The single

inquiry, the test, is jurisdiction.' In re Grimley, 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636. In this case the court-martial had jurisdiction of the person accused and the offense charged, and acted within its lawful powers. The correction of any errors it may have committed is for the military authorities which are alone authorized to review its decision. In re Yamashita, 1946, 327 U.S. 1, 8–9, 66 S.Ct. 340, 344, 345, 90 L.Ed. 499; Swaim v. United States, supra, 165 U.S. [553] at page 562, 17 S.Ct. [448] at page 451, 41 L.Ed. 823."

In Burns v. Wilson, supra, the court to some extent broadens the scope of review. It is there said to be the limited function of the civil courts in military habeas corpus cases, in coping with allegations of deprivation of basic constitutional rights, to determine whether the military courts have given fair consideration to the claims. Any such claims found not to have been fairly considered by the military courts may be adjudged on the merits by the civil courts.

This court's interpretation of Burns v. Wilson, supra, is set out in Easley v. Hunter, supra, 209 F.2d at page 487:

"* * * In other words, as we understand the Burns decision, it does no more than hold that a military court must consider questions relating to the guarantees afforded an accused by the Constitution and when this is done, the civil courts will not review its action."

■ The contentions made by petitioners that they were denied effective assistance of counsel and that they were not advised of their right to file a motion for new trial are interrelated and will be discussed together.

Two members of the Judge Advocate General Corps were appointed to represent petitioners at the court-martial. In addition, pursuant to the request of petitioner Riggins, Lieutenant Cracraft, also a member of the Judge Advocate

General Corps, was appointed as his individual counsel.

At the time of arraignment, petitioners were apparently satisfied with their counsel and with the arrangements for trial. It is now argued that inadequacy of counsel is demonstrated by a failure to make proper objections to certain testimony received in evidence; by failure of their trial counsel to consult with them after their transfer to the United States Disciplinary Barracks at Fort Leavenworth, Kansas; by failure of appellate defense counsel to personally interview them and, finally, by failure of both trial and appellate defense counsel to advise them of their right to file a petition for new trial.

The record discloses that each of the three counsel representing petitioners at the court-martial was a qualified lawyer. Captain Loyd, the chief defense counsel, was admitted to the Bar in 1940 and had trial experience while engaged in private practice. He had participated in more than one hundred court-martial cases preceding this trial, some of which had been capital cases. He interviewed each of the petitioners on several occasions prior to trial and fully advised them of their rights.

It is not suggested that counsel did not serve petitioners in good faith and to the best of their ability. It is true that trial counsel did not interview the defendants after the trial had been completed and petitioners had been transferred to Fort Leavenworth, Kansas. But it is not made to appear that there was any reason for counsel to confer with petitioners after trial and sentence. Furthermore, since the review of a conviction by a court-martial is limited to a consideration of the trial record, it was unnecessary for appellate defense counsel to interview petitioners.

The petitioners do not question the the competency of counsel who represented them upon appeal before the Board of Review and before the United States Court of Military Appeals. Ample opportunity was afforded petitioners to consult with counsel at the disciplinary barracks and correspondence with their appellate counsel was not prohibited.

The trial court found that the petitioners were not advised of their right to file a motion for new trial. Article 73 of the Uniform Code of Military Justice, 50 U.S.C.A. § 660 provides:

"At any time within one year after approval by the convening authority of a court-martial sentence which extends to death, dismissal, dishonorable or bad-conduct discharge, or confinement for one year or more, the accused may petition The Judge Advocate General for a new trial on grounds of newly discovered evidence or fraud on the court. If the accused's case is pending before the board of review or before the Court of Military Appeals, The Judge Advocate General shall refer the petition to the board or court, respectively, for action. Otherwise The Judge Advocate General shall act upon the petition."

The petition to the Judge Advocate General for a new trial is not a part of the appellate procedure. The petition for new trial must be grounded either upon newly discovered evidence or fraud upon the court. Clearly, neither trial nor appellate defense counsel had reason to advise petitioners of their right to file a petition for new trial absent discovery of some new evidence favorable to petitioners or evidence indicating a fraud practiced upon the court. Even at this late date, there is no intimation of any evidence that would tend to establish fraud nor is there any suggestion of newly discovered evidence with respect to petitioners Suttles and Beverly. Petitioner Riggins did cause a petition for new trial on the grounds of newly discovered evidence to be filed with the Judge Advocate General on June 6, 1953. The Judge Advocate General was precluded from acting on this petition for new trial because it was filed more than one year after approval of the court-martial sentence by the convening authority. Notwithstanding such limitation, the Judge Advocate General caused

an investigation to be made which disclosed that the allegations made in the petition were without merit.

The argument is made without citation of authority that Article 73, supra, is unconstitutional because it limits the time within which a petition for new trial may be filed to one year. Prior to the 1948 amendments to the Articles of War, no provision had been made for the granting of a new court-martial trial upon petition of a convicted accused. Nevertheless, it was decided many years ago that the Articles of War were constitutional. Ex Parte Reed, 100 U.S. 13, 25 L.Ed. 538; Kahn v. Anderson, 255 U. S. 1, 41 S.Ct. 224, 65 L.Ed. 469. The due process clause assures the accused of one fair trial, but does not give him the right to petition for a new or second trial.

The trial court properly found that the alleged inadequacies of counsel could have been but were not raised in the military courts and may not therefore be considered when presented for the first time in the application for habeas corpus. The civil courts may review only claims of infringement of constitutional rights which the military courts refused to give fair consideration. Burns v. Wilson, supra. Obviously, it cannot be said that they have refused to fairly consider claims not asserted.

But, in addition, the trial record at the court-martial and the evidence adduced at the hearing in the district court affirmatively establish that petitioners were represented by qualified counsel who gave them their complete loyalty and served them in good faith to the best of their ability. They had a fair trial, if not a perfect one, which, as was said by Judge Minton, in United States ex rel. Weber v. Ragen, 7 Cir., 176 F.2d 579, meets the requirements of the due process clause.

The contention of petitioners that their confessions were involuntary requires but little comment. This issue was raised at the court-martial, and defense counsel there urged that the pretrial statements of the accused were obtained by resort to coercive tactics. The accused each took the witness stand for the limited purpose of testifying as to the circumstances under which his statement was given. The law officer and the court decided after weighing the evidence that each of the statements was made voluntarily and should be admitted. This ruling by the law officer and finding by the court was approved after careful consideration at every stage of the appellate procedure. The district court was without power to try this issue de novo.

Affirmed.