James A. CASEY, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6398.

Uniter States Court of Appeals Tenth Circuit.

July 28, 1960.

Roy Cook, Kansas City, Kan., filed a brief for appellant.

Peter S. Wondolowski, Lieutenant Colonel, JAGC, Office of the Judge Advocate General, Dept. of the Army, Washington, D. C. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Thomas A. Ryan, Lieutenant Colonel, JAGC, Office of the Judge Advocate General, Dept. of the Army, Washington, D. C., were with him on the brief), for appellee.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of Kansas dismissing appellant's petition for a writ of habeas corpus for lack of jurisdiction.

Appellant is presently confined as a military prisoner in the United States Penitentiary, Leavenworth, Kansas, pursuant to the judgment and sentence imposed by a general court-martial convened at St. Nazaire, France, in 1919. After being found guilty of two separate offenses of premeditated murder and

three separate offenses of assault, appellant was sentenced to dishonorable discharge, total forfeiture and to life imprisonment.[1] Before execution of the sentence appellant escaped from confinement in 1920 and remained in escape for over thirty-four years and until November 1954. He was then apprehended and incarcerated at Leavenworth with a termination date of July 3, 1990.

Because of the unusual factual background of the case and the many changes in courts-martial procedures which have occurred since appellant's trial in 1919 both appellant and counsel for the Office of the Judge Advocate General have extended their presentation of this appeal far beyond the proper scope of review of military procedures by habeas corpus in the federal judicial system. And this court, for similar reasons and in recognition that appellant has not had available the many present-day safeguards to individual rights which now exist within the military courts, has carefully reviewed the entire record. We find no violation of any fundamental right of appellant nor, indeed, any procedural error in the record of the court-martial trial and sentence.

■■ It is admitted that the court-martial which convicted the appellant was properly constituted, had jurisdiction over his person and the offenses of which he was convicted, and imposed a sentence within its lawful powers. The Manual for Courts-Martial, United States Army, 1917, promulgated pursuant to the authority of the then-existing Articles of War (Act of 29 Aug. 1916, 39 Stat. 650–670), provided that conviction of the offenses with which appellant was charged could be obtained by a majority vote of the members of the court-martial. Appellant now suggests, although not claiming that a majority did not so vote, that his conviction is void because the record does not specifically reveal that a majority voted for conviction. Since this contention reaches only the form of the record it is immediately apparent that any irregularity in such regard cannot be the basis of relief by habeas corpus. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed 1508; Easley v. Hunter, 10 Cir., 209 F. 2d 483. And in fact applicable military procedure in 1919[2] did not require the mathematical division of the military court to be reflected in the record in cases other than those in which a death penalty was imposed. It follows that appellant is entitled to no relief because of this aspect of the record of his trial.

■ Appellant also asserts that the action of the court-martial was void because his conviction was announced in closed session. It is doubtful that such procedure was irregular but, if so, it cannot be the basis for relief by habeas corpus for the reasons stated. The procedure, be it regular or irregular, violates no fundamental right of the appellant. Altmayer v. Sanford, Warden, 5 Cir., 148 F.2d 161.

The judgment of the trial court dismissing the petition for lack of jurisdiction is affirmed.

1. By clemency action of the Secretary of the Army the term of imprisonment has since been reduced to thirty-six years.

2. The Manual for Courts-Martial, supra, provided that "only the result of a deliberation in closed session (that) is to be entered upon the record." Members of courts-martial were required to take an oath not to "disclose or discover the vote or opinion of any particular member of the court-martial." Articles of War 84.85 of the year 1874. To announce more detail than the result of a court-martial deliberation was thought to violate the spirit of the oath and, should the vote be unanimous, be a direct violation. Digest of the Opinions of the Judge Advocate General of the Army; 1912, page 161. In 1921 (Act June 4, 1920, 41 Stat. 759) Congress initiated many changes in military law now reflected in modern military practice and procedure.