**Leslie Stilman WIGAND, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6560.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1960.

Roy Cook, Kansas City, Kan., for appellant.

James C. Waller, Jr., Major, JAGC, Office of Judge Advocate General, Washington, D. C., (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Alden Lowell Doud, First Lieutenant, JAGC, Office of Judge Advocate General, Washington, D. C., with him on the brief), for appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner, while on active duty with the United States Army in Germany, was tried and convicted in two courts-

martial proceedings in each of which the crime of rape was charged, together with other offenses committed in connection with rape. The two sentences totaled 50 years, which the petitioner is now serving at the United States Penitentiary at Leavenworth, Kansas. The trials were reviewed as required by Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866. In this habeas corpus proceeding it is contended that the failure to consolidate the charges for trial as provided for in Paragraph 30f of the Manual for Courts-Martial, United States, 1951,[1] invalidates the second sentence, and that the prisoner is now entitled to his release. This is an appeal from a judgment of the District Court dismissing the petition and remanding the petitioner to the custody of the Warden.

■ Briefly, the facts are these. On July 22, 1953 the petitioner, with an unknown accomplice, assaulted and raped a German girl near the town of Oberbernbach, Germany. On the 23rd of August, 1953, the petitioner, with two other American soldiers, made a similar attack upon another German girl at Boxburg, Germany. On September 28, 1953, a general court-martial was convened at Goeppingen, Germany to try the petitioner and his confederates for the offense of August 23rd. Upon conviction each of the three defendants was sentenced to 20 years confinement at hard labor. On February 8, 1954 a general court-martial was convened at Augsburg, Germany to try the petitioner for the offenses of

July 22nd.[2] Upon conviction he was sentenced to be confined at hard labor for a term of 30 years. No contention is made that the petitioner was not represented by qualified counsel during the two trials or throughout the appellate proceedings which followed his convictions. Likewise, no contention is made that the military tribunals which tried the appellant were improperly constituted or lacked jurisdiction over the offenses charged. We find no merit in the claim that the failure to consolidate the trial of the two offenses violated any fundamental right of the petitioner which is subject to review by a civil court.

■ As a general rule, a review of a court-martial conviction in a civil court is limited to an inquiry as to whether the tribunal had jurisdiction over the person and the offense charged, and acted within its lawful powers. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Suttles v. Davis, 10 Cir., 215 F.2d 760, certiorari denied 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709; Easley v. Hunter, 10 Cir., 209 F.2d 483.[3] In Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508, it was said:

"In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military rem-

---

1. Paragraph 30f, Manual for Courts-Martial, United States, 1951, provides: "f. Subject to jurisdictional limitations, charges against an accused, if tried at all, should be tried at a single trial by the lowest court that has power to adjudge an appropriate and adequate punishment. See 33h and 1."

2. Petitioner's accomplice in this offense was never apprehended.

3. In Easley v. Hunter, 10 Cir., 209 F.2d 483, 487, we said:
"The court held that from an examination of the record the questions pre-

sented in the habeas corpus action had been fully and fairly considered and decided by the reviewing authorities provided for in the procedure for courts-martial and could not be retried in the civil courts. In other words, as we understand the Burns decision, it does no more than hold that a military court must consider questions relating to the guarantees afforded an accused by the Constitution and when this is done, the civil courts will not review its action."

edies have been exhausted. Congress has provided that these determinations are 'final' and 'binding' upon all courts. We have held before that this does not displace the civil courts' jurisdiction over an application for habeas corpus from the military prisoner. Gusik v. Schilder, 340 U.S. 128 [71 S.Ct. 149, 95 L.Ed. 146] (1950) * * *". (Footnote omitted.)

The Court was careful to point out that the military courts have the same responsibility as the federal courts to protect an accused from a violation of his Constitutional rights. But when the military court has fairly dealt with the question involving Constitutional guarantees, the Court concluded that "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence."

■ In the present case, the error complained of is not one which affects fundamental rights of the petitioner. The consolidation suggested in Paragraph 30 f of the Manual for Courts-Martial is a procedural matter, and is qualified by Paragraph 33 *l*, which provides in part that "offenses charged against different accused which are not closely related should not be tried in a common trial, notwithstanding the fact that some other offenses with which each accused is charged may be closely related." Under Paragraph 33 *l*, the charges arising out of the first rape were not subject to consolidation in a common trial of the petitioner and his co-defendants for the charges arising out of the second rape. In this event, the same paragraph further provides that "the convening authority may exercise his discretion in determining the order in which such charges shall be tried." An abuse of this discretion is subject to correction in the military courts, but the procedural question is not reviewable in a habeas corpus proceeding in the civil courts. Casey v. Taylor, 10 Cir., 281 F.2d 549. Furthermore, the record does not disclose that the question was presented to the military courts. It may not be raised for the first time in a habeas corpus proceeding Bennett v. Davis, 10 Cir., 267 F.2d 15; Thomas v. Davis, 10 Cir., 249 F.2d 232, certiorari denied 355 U.S. 927, 78 S.Ct. 385, 2 L.Ed.2d 358; Suttles v. Davis, supra.

Affirmed.