Marion R. **PALOMERA**, Appellant,

v.

J. C. **TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8018.

United States Court of Appeals Tenth Circuit.

May 3, 1965.

938

Marion R. Palomera, pro se.

Benjamin E. Franklin, Asst. U. S. Atty., Newell A. George, U. S. Atty., Abraham Nemrow, Lt. Colonel, JAGC, and James R. Robinson, Lt. Colonel, JAGC, Office of the Judge Advocate Gen., for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a denial of a petition for a writ of habeas corpus.

Petitioner in his written papers alluded to this proceeding as being both a motion to vacate the sentence within the purview of 28 U.S.C. § 2255 and a petition for habeas corpus. The lower court considered the matter only as a petition for habeas corpus and we agree. A motion under 28 U.S.C. § 2255 is not proper here because the petitioner was sentenced by a military court-martial convened in 1944.

The facts may be summarized as follows: In 1944, the appellant was on active duty as a Second Lieutenant in the U. S. Army. On May 13 of that year, he was convicted by a General Court-Martial of premeditated murder in violation of Article of War 92 and sentenced to be dismissed from the service, to forfeit all pay and allowances and to be confined at hard labor for the term of his natural life. Appellate review, as required by the then applicable Articles of War, was completed and on October 12, 1944, the sentence was ordered executed. On February 11, 1950, by direction of the President, so much of the confinement as was in excess of thirty years, was remitted. On September 7, 1950, the period of confinement was further reduced to twenty-four years. He was released on parole on January 24, 1953. The parole was revoked on 24 April 1963 and he was returned to Federal custody. His present place of confinement is the U. S. Penitentiary at Leavenworth, Kansas, where his sentence will expire on July 31, 1973 (with good-time reduction) and at full term on September 8, 1978.

Before taking up each of petitioner's contentions, it may be helpful to set forth as nearly as possible the scope of our review in this case. While the civil courts are authorized to review a military conviction on habeas corpus, that review has generally been limited to determine whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691 (1950). This review has also

been held to include an examination of the accused's Constitutional rights but only to see that the military courts have given due consideration to the guarantees afforded by the Constitution. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); Easley v. Hunter, 209 F.2d 483 (10th Cir., 1953); Suttles v. Davis, 215 F.2d 760 (10th Cir., 1954).

 Petitioner first asserts that he was mentally incompetent at the time of his arrest and trial. The only question for us to decide is whether or not the accused had an opportunity to present the insanity issue. Once we see that opportunity afforded, our inquiry must end. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141 (1950). It appears that the first issue of the accused's mental competency arose in the pre-trial investigating officer's report. Again at the trial where the accused was represented by counsel, a medical officer who previously examined the petitioner testified at length concerning his psychiatric evaluation of the accused. On appeal, the Army Board of Review considered this issue of mental incompetency. Clearly, the accused had an opportunity to present the issue and, in fact, it was considered by the military authorities. It is not our function to re-evaluate the evidence in this regard.

 Next, petitioner complains that his appointed counsel was inadequate. This matter is not within our powers of review. The contention of inadequate counsel should have been raised during the military procedures. McKinney v. Warden, United States Penitentiary, 273 F.2d 643 (10th Cir. 1959), cert. denied, 363 U.S. 816, 80 S.Ct. 1253, 4 L.Ed.2d 1156 (1960).

 Petitioner further alleges the pre-trial investigation under Article of War 70 was deficient primarily because a key witness wasn't called to testify and because he wasn't provided with counsel. An inquiry into this matter is also beyond the scope of our consideration for the pre-trial investigation procedure of Article of War 70 is not an indispensable prerequisite to the exercise of Army General Court-Martial jurisdiction. Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986 (1949).

 The final contention of petitioner is that he was not under the jurisdiction of the Commanding General, Fourth Service Command, who convened the Court-Martial and furthermore he was, as an air force personnel, entitled to a trial by air force and not ground force personnel. The facts are undisputed that petitioner was attached as a casual to Ream Army Hospital at the time of the offense. This hospital was under the command jurisdiction of the Fourth Service Command of the Army Service Forces. The Commanding General of that command had authority to convene a General Court-Martial and try the petitioner. The Army Board of Review in its review of the case determined that the court was properly constituted. We see no reason to pursue this matter further.

Other matters raised by petitioner have been considered and either deemed to be without merit or beyond the scope of our review.

The judgment is therefore affirmed.