Frank BASKER, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas
State Penitentiary, Lansing,
Kansas, Appellee.

No. 430–69.

United States Court of Appeals,
Tenth Circuit.

May 18, 1970.

Felix D. Lepore, Denver, Colo., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan. (Kent Frizzell, Atty. Gen., and Ernest C. Ballweg, Asst. Atty. Gen., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Basker petitioned for a writ of habeas corpus under Title 28 U.S.C. § 2254 in the federal district court. The court denied the application after hearing evidence and argument.

It is alleged that his custody violated the Constitution on the following grounds: He was denied a speedy trial, effective assistance of counsel, a fair trial because of procedural irregularities, and because a coercive "Allen-type" instruction was given during the deliberations of the jury.

■ Basker was charged with attempted first degree robbery under a Kansas statute and bound over on June 20, 1964. He was tried to a jury and convicted February 25, 1965. The Kansas statute implementing the constitutional right to speedy trial was not violated by this delay. Basker v. State, 202 Kan. 177, 446 P.2d 780, 781 (1968). This circuit has not adopted the view that statutory limitations control or guide the determination of the length of time within which a trial must be brought. An early rule of this circuit still referred to by other circuits [1] says:

"A person charged with a crime cannot assert with success that his right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States has been invaded unless he asked for a trial." Pietch v. United States, 110 F.2d 817, 819 (10th Cir. 1940).

The effect of this rule is reflected in the following language:

"Mere passage of time does not establish an unconstitutional denial of a speedy trial or due process. * * * [n]or can a defendant sit by without effort to obtain an earlier trial * *." Hampton v. State of Oklahoma, 368 F.2d 9, 12 (10th Cir. 1966).

■ The court most recently has used language indicating the lapse of time before trial must result in oppressive delay, harassment, discrimination, or prejudice to a defendant. Webber v. United States, 395 F.2d 397, 400 (10th Cir. 1968). *And see* Wood v. United States, 317 F.2d 736, 740 (10th Cir. 1963) indicating that "the accused should be tried as soon as the orderly conduct of the business of the court permits." Under any of the foregoing tests, the facts of this case would not justify a determination that a speedy trial was denied.

Ineffective assistance of counsel is alleged by Basker. This court has held that a defendant's representation must have been such as to make his trial a mockery, a sham or a farce in order to establish ineffective assistance. *Cf.* Opie v. Meacham, 419 F.2d 465 (10th Cir. 1969) (failure to obtain certain expert opinion evidence was not a denial of effective assistance); Linebarger v. Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969) (research and tactical failings by trial counsel not sufficient to deny effective assistance of counsel); Johnson v. United States, 380 F.2d 810 (10th Cir. 1967) (exercise of trial counsel's judgment in a certain way did not make the trial a mockery, a sham or a farce); Kienlen v. United States, 379 F.2d 20, 29 (10th Cir. 1967) (erroneous advice by trial counsel does not make his representation "a sham, pretense, in bad faith or lacking in the opportunity to confer.") Here Basker alleged that adverse publicity given one of his trial counsel denied him a fair trial.

1. Benson v. United States, 402 F.2d 576, 581 (9th Cir. 1968).

The court below found that "[p]etitioner was adequately represented by counsel and there was nothing in the record to sustain the charge of inadequate preparation, poor judgment in the handling of the defense or prejudicial publicity." The Kansas Supreme Court said, "A careful review of [the] record reveals nothing upon which a charge of inadequate preparation, poor judgment in the handling of the defense, or prejudicial publicity can be sustained." State v. Basker, 198 Kan. 242, 424 P.2d 535, 536 (1967). 28 U.S.C. § 2254(d) presumes the conclusions to be correct unless it is established or otherwise made to appear that certain enumerated things occurred. An evidentiary hearing was permitted by the trial court to allow Basker to establish the exceptions under § 2254(d). He did not effectively establish one of the enumerated exceptions; therefore, we concur with the trial court that effective assistance of counsel was provided.[2]

An effort is made to establish reversible error from alleged procedural conduct involving ruling on certain evidence and subsequent reference thereto. We must examine the charge in an effort to determine whether Basker's constitutional rights were infringed as a result of this procedure. Poulson v. Turner, 359 F.2d 588, 591 (10th Cir. 1966) and cases cited. Here again, the state supreme court found no bad faith on the part of the prosecutor and no prejudice to Basker. The trial court found that "there was no bad faith on the part of the prosecutor in his references to the gun and efforts to connect it with defendant, and the charge of prejudice made by defendant concerning the attempted introduction of the gun is not supported by the record."

In view of the provisions of 28 U.S.C. § 2254 heretofore referred to and the clearly erroneous rule relating to trial court findings, we conclude the complained of proceedings constituted at most only trial errors of the state court and were not such as to deprive Basker of constitutional rights.

The attack leveled at the "Allen" or "dynamite" instruction given by the state trial judge is a matter of deep concern because of the views concerning this charge which have become more prevalent in recent months. The effect of the "Allen" charge in the federal system has recently been the subject of this court's deliberations. Munroe v. United States, 424 F.2d 243 (10th Cir. 1970); United States v. Wynn, 415 F.2d 135 (10th Cir. 1969); United States v. Winn, 411 F.2d 415 (10th Cir. 1969) and cases cited therein.

A comment in 36 Tenn.L.R. 749 (1969) entitled "Defusing the Dynamite Charge: A Critique of Allen and its Progeny" sets forth the tortured path of this instruction in relation to its consideration by the Supreme Court and other state and federal courts, drawing the conclusion that use of the charge should be forbidden. Authorities gathered in Wright, Federal Practice and Procedure, § 502 would urge the same conclusion. No such decision has been made in our circuit where most cases have dealt with federal procedure.[3] We therefore decline to so direct state courts at this time.

This question arises in a state court and has been approved by the supreme court of that state.[4] The circuit considered a similar state instruction in Mills v. Tinsley, 314 F.2d 311, 313 (10th Cir. 1963) where it was said, "The law is well established that the length of time

---

2. Cindle v. Page, 424 F.2d 509 (10th Cir., filed April 22, 1970) is not, in our opinion, to the contrary.

3. *See also* United States v. Sawyers, 423 F.2d 1335 (4th Cir. 1970).

4. Our treatment of the issue here is not meant to indicate that different constitutional standards should be applied when state trial courts use the instruction. We use this approach because recent cases like *Munroe, supra,* dealt with practice in federal trial courts.

a jury may be kept together for deliberation is discretionary with the trial judge. The law is also settled that the trial judge may not coerce the jury into the returning of a verdict. To compel a jury to agree upon a verdict is a denial of a fair and impartial jury trial, and, hence is a denial of due process." We cannot conclude from the language contained in the record that the trial court effectively sought to compel the jury to agree upon a verdict thereby denying due process or an impartial jury trial.

We therefore affirm.