Billie Joe KING, Appellant,

v.

R. I. MOSELEY, Warden, Appellee.

No. 50–69.

United States Court of Appeals,
Tenth Circuit.

Aug. 11, 1970.

Roland E. Camfield, Jr., Denver, Colo., for appellant.

Michael A. Katz, Captain, JAGC, Washington, D. C. (Robert J. Roth, U. S. Atty., Edward H. Funston, Asst. U. S. Atty., and Arnold I. Melnick, Lieutenant Colonel, JAGC, with him on the brief), for appellee.

Before MURRAH, Senior Circuit Judge, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a dismissal without a hearing of appellant's petition

for a writ of habeas corpus. The case had its genesis in 1962 when the appellant, then a private in the United States Army, stationed at Fort Gordon, Georgia, was arrested by the Oklahoma State Police on suspicion of bank robbery. When arrested, the appellant identified himself as Joseph J. Poye, who was a fellow soldier in appellant's unit at Fort Gordon, Georgia. It is not necessary for the purposes of this appeal to recount all the bizarre details; it is sufficient to say that several months later appellant was temporarily turned over to the custody of the military authorities by the State of Oklahoma and he assisted the Army in locating the skeletal remains of Private Poye. When this was done, appellant was returned to State custody in Oklahoma where he pleaded guilty to the charge of bank robbery and was sentenced to twelve years in the Oklahoma State Penitentiary.

On January 29, 1964, the military notified the appellant that he was to be charged with the premeditated murder of Private Joseph J. Poye. The appellant requested a sanity board hearing which was held and he was found sane. After some delay caused by the question whether he should be tried by military or civil authorities, he was tried by a general court-martial on June 22–25, 1964, convicted of premeditated murder, and sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be put to death.

The convening authority referred the record to the Staff Judge Advocate for review. The findings and sentence were approved by the convening authority, and the record was forwarded to the Judge Advocate General of the Army for review by the Board of Review. The Board of Review found the finding of guilty correct in law and fact, but reassessed the sentence approving only so much thereof as provided for dishonorable discharge, total forfeiture of pay and confinement at hard labor for life.

The appellant thereafter filed a petition for review in the United States Court of Military Appeals. This petition was granted to review the sufficiency of the law officer's instruction on mental capacity to premeditate and his failure to instruct on the lesser included offenses of involuntary manslaughter and negligent homicide. The United States Court of Military Appeals affirmed the decision of the Board of Review.

The appellant's petition for a writ of habeas corpus asserts several reasons why he should be released. He contends that there was error in the court-martial because the president of the Court-Martial Board was a policeman; that the law officer erred in deciding on the voluntariness of appellant's pretrial statement; that the law officer erred in admitting evidence of appellant's prior misconduct; that there was error in allowing the Court-Martial Board to take the pretrial statements of the appellant into closed session; that there was error in the instructions given to the Court-Martial Board; and that the evidence failed to show that the appellant knew the difference between right and wrong. We do not reach the merits of these contentions because they are clearly beyond the scope of review of a military court-martial by a civil court on a petition for a writ of habeas corpus. Fowler v. Wilkinson, 353 U.S. 583, 77 S.Ct. 1035, 1 L.Ed.2d 1054; Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538.

The appellant contends here for the first time that the court-martial was without jurisdiction over the offense and the appellant, relying on the decision of the Supreme Court in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291. Appellant points out in his brief the fact that the court-martial

record shows that he testified that the offense was committed on the military reservation. Furthermore, appellant had admitted that he shot Private Poye, a fellow soldier, on the military reservation, Fort Gordon, Georgia, and advanced a defense that the shooting was accidental. At the time the petitioner had been found to be competent, and thus competent to make such statements.

■ Given these facts, this case is "service connected" within the rule laid down in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683. The Supreme Court said in that case that for a crime to be under military jurisdiction, it must be "service connected." In holding that the Army did not have jurisdiction over a crime committed by a soldier against a civilian, while on leave and wearing civilian clothes, the Court said:

> "In the present case petitioner was properly absent from his military base when he committed the crimes with which he is charged. There was no connection—not even the remotest one —between his military duties and the crimes in question. The crimes were not committed on a military post or enclave; nor was the person whom he attacked performing any duties relating to the military. Moreover, Hawaii, the situs of the crime, is not an armed camp under military control, as are some of our far-flung outposts."

■ In the instant case, the crime was committed on a military post or enclave by a soldier and the victim was also a member of the armed forces. These facts take this case out of the limitation imposed on military jurisdiction by the O'Callahan case.

■■ As a corollary to his assertion that the military was without jurisdiction, the appellant contends that he was denied his constitutional right to a jury trial. It is clear, however, that if the military courts have jurisdiction over the person and the subject matter, there is no constitutional right to a jury trial. Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed. 2d 268; Reid v. Covert, 351 U.S. 487, 76 S.Ct. 880, 100 L.Ed. 1352. Having concluded that the military had jurisdiction over the appellant and the offense, we must hold that the appellant was not entitled to trial by jury.

■ In Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508, the Court enunciated the rule that the limited function of the civil courts in reviewing a military conviction on a petition for a writ of habeas corpus, in addition to the jurisdictional issues under the prior rule, is to determine whether the military gave fair consideration to each of the petitioner's constitutional claims. See also Suttles v. Davis, 215 F.2d 760 (10th Cir.).

The record before us shows that the speedy trial issue was argued and considered, before the court-martial trial, by the general court-martial with the facts asserted to support the allegation of prejudice, by the convening authority, and by the Board of Review. In the brief filed with the Board of Review, the appellant's first assignment of error was stated as follows:

> "The failure on the part of the military authorities to bring the accused to trial until two years and two months after the offenses charged constitutes a denial of the accused's right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States."

In its opinion the Board of Review stated:

> "At this appellate level the case was extensively briefed and ably argued by appellate Government and defense counsel. Appellate defense counsel assign sixteen errors. Those assigned as I (the denial of a speedy trial), II, III, IV, XII, XIV and XVI, we do not consider meritorious nor requiring discussion."

This issue was also raised in appellant's Petition for Grant of Review by the United States Court of Military Appeals. That court, however, as authorized by Article 67 of the Uniform Code

of Military Justice, 10 U.S.C. § 867, did not grant review on this issue.

■ We must hold that the record shows that there was a fair consideration of this constitutional claim by the military upon full presentation of the facts and law within the meaning of Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508, so that we cannot review the issue here. Palomera v. Taylor, 344 F.2d 937 (10th Cir.); Wigand v. Taylor, 285 F.2d 594 (10th Cir.); Easley v. Hunter, 209 F.2d 483 (10th Cir.). The appellant asserts that the military courts and boards reached the wrong result. But again in view of the way in which the case reaches us, this is not for us to evaluate.

■ The appellant's final contention, that he was denied the right to a fair trial because of extensive unfavorable pretrial publicity, is raised here for the first time. This issue has never been presented to the military authorities nor was it raised in the court below. This being the case, the matter falls squarely within the ruling of this court in Suttles v. Davis, 215 F.2d 760 (10th Cir.). In that case, the petitioner attempted to assert that he was inadequately represented by counsel. What this court said in Suttles is applicable here:

> "The trial court properly found that the alleged inadequacies of counsel could have been but were not raised in the military courts and may not therefore be considered when presented for the first time in the application for habeas corpus. The civil courts may review only claims of infringement of constitutional rights which the military courts refused to give fair consideration. Burns v. Wilson, supra. Obviously, it cannot be said that they have refused to fairly consider claims not asserted."

The order of the court below dismissing appellant's petition for a writ of habeas corpus was correct in all respects, and we therefore affirm.

HOLLOWAY, Circuit Judge (concurring specially):

I agree with the Court's disposition of the appeal but feel it proper to add a brief comment on the speedy trial issue.

As the opinion points out, our review in military habeas corpus proceedings is limited and where the military tribunals have dealt fully and fairly with an allegation, a federal civil court may not exercise habeas jurisdiction simply to re-evaluate the evidence. Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L. Ed. 1508. The opinion in the *Burns* case stressed the fact that the military reviewing courts had scrutinized trial records and discussed the petitioner's contentions before rejecting them. Id. at 144–145, 73 S.Ct. 1045.

In the instant case the Court's opinion refers to the briefing of the speedy trial issue as appellant's proposition I and to the statement in the opinion of the Board of Review that proposition I was not considered meritorious and did not require discussion. United States v. King, 37 C.M.R. 475, 481.[1] Our record also shows argument on the issue and denial of a motion to dismiss based on it by the Law Officer of the General Court Martial, but no findings or discussion of the issue. We are referred to no other treatment of the claim by the military courts. Without saying that in fact the military tribunals did not fully consider the claim, to me the record before us cannot be said to show such full and fair consideration of the allegations as to foreclose the courts from hearing appellant on the issue. Therefore, I turn to the allegations on appellant's claim before us.[2]

1. The decision of the Board of Review was affirmed by the Court of Military Appeals which granted review on other issues, but did not review the speedy trial claim. United States v. King, 37 C.M.R. 281.

2. We have before us the allegations of appellant's petition and traverse in the District Court, which cover considerable detail about the chronology involved. On the appeal we have also been presented

The time from the offense on April 7, 1962, until trial on June 22, 1964, and the intervals in communications among the various military headquarters and the Department of Justice, cause concern. Moreover, from August, 1962, until January, 1964, appellant sent some 17 communications to military or other federal authorities, most of them demanding a speedy trial and some seeking information on the status of the case. However, practical problems faced the prosecuting authorities in the investigation; in obtaining appellant's release from the Oklahoma authorities to help locate the body of the deceased; in determining which federal or military authority should conduct the prosecution; and in obtaining appellant's release again from the Oklahoma authorities— which by then held him under a State conviction—for trial preparation and trial on the military charge. The circumstances alleged fail to show oppression, harassment or discrimination in violation of appellant's right to a speedy trial. Whitlock v. United States, 429 F. 2d 942 (10th Cir.). Passage of time alone does not amount to impingement on the Sixth Amendment right. Basker v. Crouse, 426 F.2d 531 (10th Cir.); Whitlock v. United States, supra.

We are also called on to consider whether there is present in the record evidence of actual prejudice to appellant's defense, resulting from delay. See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26. Appellant argues that witnesses became unavailable and that memories faded, but no averment as to proof lost is made and the circumstances do not support such a claim. One 1966 psychiatric report did say that no one could know appellant's mental condition in April, 1962, but concluded that he had a paranoid personality and that from the data available there was reasonable doubt of his competence in April, 1962.[3] Nevertheless, earlier psychiatric reports were available from 1964 sanity board hearings. Also there was an extended mental examination of appellant from late May until August, 1962, in an Oklahoma State institution whose reports were available—one being cited by appellant. In sum, the facts alleged fail to show actual prejudice to appellant, despite the considerable delay involved in bringing him to trial.

Therefore, although it is not free from doubt, I conclude that the speedy trial claim is untenable on the basis of the allegations made and agree with the disposition of this and the other constitutional claims asserted.

with additional allegations and instruments which appellant's counsel has urged us to consider in support of a motion to remand the case for a hearing by the District Court. At argument appellee's counsel advised us that these allegations and instruments could be considered admitted for the purpose of the appeal. The allegations and instruments taken together present a detailed chronology from the offense until disposition of the military appeals.

3. This report also said that there was reasonable doubt appellant can cooperate in his defense. This 1966 report resulted from a further psychiatric examination ordered by the Board of Review after the 1964 military trial. Prior to that trial, sanity board hearings were held following a motion therefor by appellant. The report from the last of these 1964 examinations concluded that appellant was sane in the military legal sense and able to conduct or cooperate in his defense. It was stated that the testing psychologist's impression was that the psychological data were compatible with the diagnosis of a psychotic thought disorder. This 1964 sanity board hearing report made a diagnosis of an asocial personality, chronic and severe.