**UNITED STATES of America ex rel. William RICHTER**

v.

**A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

No. M-2662.

United States District Court
E. D. Pennsylvania.

March 12, 1964.

———◇———

William Richter, in personam.

No appearance for respondent.

BODY, District Judge.

William Richter has filed with this Court his second petition for a writ of habeas corpus. Relator's first petition (M-1665) was filed on November 12, 1954; a hearing was held on November 24, 1954; and on December 7, 1954 relator's petition was denied. A petition for a certificate of probable cause was granted on December 29, 1954. Rela-

tor's appeal to the Third Circuit Court of Appeals was filed on January 5, 1955 and on May 10, 1955 the Court of Appeals United States ex rel. Richter v. Tees, 221 F.2d 563 affirmed the decision of the District Court.

In this petition relator contends that his constitutional rights were violated as follows:

1. He was denied the right to obtain counsel of his own choice.

2. He was denied the timely and effective assistance of counsel.

A careful review of relator's first petition of November 12, 1954 shows that among the other contentions presented were the following:

1. The State Court refused petitioner the right to communicate with his family for the purpose of retaining counsel of his own choice.

2. The State Court, in assigning a Public Defender as counsel, forced the petitioner to go to trial without giving him an opportunity to defend himself in a proper legal manner since his counsel had no knowledge of the facts of the case.

3. The State Court failed to give petitioner notice prior to his trial.

It is clear that the reasons and grounds alleged in this petition are not new, and all grounds have been previously determined. Section 2244 of 28 U.S. C.A. provides:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the

petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

 This Court is not compelled to entertain a successive petition if the Court is satisfied that an inquiry into the merits will not serve to promote justice. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

## ORDER

And now, this twelfth day of March, 1964, in accordance with the foregoing Memorandum, it is ordered that the petition of William Richter be and the same is hereby denied.