UNITED STATES of America ex rel.
James F. O'CALLAHAN,
Petitioner,

v.

Jacob J. PARKER, Warden, United States Penitentiary, Lewisburg, Pennsylvania, and the Department of the Army, United States Army, Washington, D. C., Respondents.

No. 756.

United States District Court
M. D. Pennsylvania.
Aug. 12, 1966.

680

---

James F. O'Callahan, pro se.

Bernard J. Brown, U. S. Atty., Harry A. Nagle, Jr., Asst. U. S. Atty., Abraham Nemrow, Lieutenant Colonel, Bruce E. Stevenson, Major, JAGC, Office of Judge Advocate General, Dept. of Army, Washington, D. C., for respondents.

## MEMORANDUM

FOLLMER, District Judge.

James F. O'Callahan, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a petition for a writ of habeas corpus in this Court. On October 11, 1956, O'Callahan was convicted of assault with intent to commit rape, attempted rape, and housebreaking with intent to commit rape, in violation of 10 U.S.C. §§ 880, 930, 934, by a general court-martial at Fort Shafter, Hawaii. O'Callahan was then serving on active duty in the United States Army, although the offenses were committed while he was off duty and off base.

The allegations in the complaint are as follows: The acts for which O'Callahan was convicted occurred on July 20, 1956, in the Reef Hotel. He was arrested that night by the Honolulu Police Department, and was interrogated by them until he was turned over to the Hawaiian Armed Services Police who also questioned him. He was subsequently turned over to the United States Army. The Army investigators allegedly told O'Callahan that if he gave a confession it would not result in any military charges and it would not affect his career. O'Callahan confessed and was subsequently served with the charges against him and was assigned counsel.

O'Callahan was subsequently tried and convicted by a general court-martial by a

two-thirds vote. At the trial, the confession was introduced. Interrogatories of the victim were introduced over objection. The interrogatories were taken in accordance with 10 U.S.C. § 849, and the victim, herself, never testified at the trial.

O'Callahan contends that his custody is unlawful on the following grounds: (1) That the court-martial had no jurisdiction, because the alleged acts were committed off-base while he was off-duty, under Article III, Section 2 and the Fifth and Sixth Amendments to the United States Constitution; (2) That his confession was coerced; (3) That depositions of the victim and certain other witnesses were improperly introduced into evidence and (4) That he was denied his right to trial by jury and his right to a unanimous guilty verdict under Article III and the Fifth Amendment to the United States Constitution.

In this case, a Rule to Show Cause issued, the Respondents filed an Answer and a supporting Memorandum, and Petitioner filed a Traverse and a motion for assignment of counsel. The Respondents filed with their Answer certified copies of certain sentence and parole records, the Record of Trial, and certain other documents relating to the court-martial. In their Answer, Respondents made a motion to dismiss the petition and it is this motion which is before this Court at this time.

■ The scope of review of military cases on habeas corpus was succinctly stated in Palomera v. Taylor, 344 F.2d 937, 938–939 (10th Cir. 1965), as follows:

"While the civil courts are authorized to review a military conviction on habeas corpus, that review has generally been limited to determine whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691 (1950). This review has also been held to include an examination of the accused's Constitutional rights but only to see that the military courts have given due consideration to the guarantees afforded by the Constitution. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953) ; Easley v. Hunter, 209 F.2d 483 (10th Cir., 1953) ; Suttles v. Davis, 215 F.2d 760 (10th Cir., 1954)."

■ The first issue is whether the court-martial had jurisdiction over petitioner. O'Callahan raised this same ground in a petition for writ of habeas corpus in the United States District Court for the District of Massachusetts. O'Callahan v. Chief U. S. Marshall and Dept. of Army, Misc.Civil 66-8-W (1966). In his opinion, dated February 23, 1966, Chief Judge Wyzanski held that there was no merit in the petitioner's position and that the court-martial had jurisdiction over the petitioner. The petition for writ of habeas corpus was denied. This issue and the grounds asserted are the same here, and any further inquiry will not serve the ends of justice. Thus, under 28 U.S.C. § 2244, this Court will not entertain the petition on this issue. United States ex rel. Richter v. Rundle, 227 F.Supp. 847 (E.D.Pa.1964).

■■ The second allegation is that the confession was coerced. In his petition, O'Callahan cites the Escobedo case. [Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977]. However, both the rules of the Escobedo and the Miranda cases [Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694] have been declared to be of prospective application only. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The Record of Trial shows that O'Callahan and his counsel were advised of the right to testify and contest the voluntariness of the confession. Petitioner indicated that he understood his rights and when the statement and a drawing were offered into evidence, no objection was made. (Record of Trial, pp. 41, 42). This was a clear election not to contest the voluntariness of the confession and the drawing. This issue was not raised in his military appeals either. The al-

legation is without merit since the due process requirements have been satisfied. Swisher v. United States, 354 F.2d 472, 476 (8th Cir. 1966).

The third allegation is that certain depositions were improperly introduced into evidence at the trial. Keeping in mind the scope of review, this Court will consider whether the military courts gave due consideration to O'Callahan's constitutional rights.

■ At the trial, the prosecution offered into evidence written interrogatories of the victim and three other witnesses who were then in the continental United States. (Record of Trial, pp. 17, 18). They were admitted into evidence over the objections of O'Callahan's counsel. When O'Callahan's counsel first objected, he stated that there was no showing that the witness was unavailable nor that it was unreasonable to have the witness present and that the accused had a right to be confronted by the witnesses against him. (Record of Trial, p. 17). The subsequent argument stressed the lack of showing of the unavailability and unreasonableness factors. (Record of Trial, pp. 18–21). However, it cannot be said that the confrontation objection was dropped.[1] The record further indicates that the defendant was offered the right to submit cross-interrogatories, but objected to the procedure on the same ground as raised at trial. (Record of Trial, p. 19).

In United States v. Jacoby, 29 C.M.R. 244 (1960), the Court of Military Appeals overruled United States v. Sutton, 11 C.M.R. 220, and United States v. Parrish, 22 C.M.R. 127, holding that under the Sixth Amendment an accused must be afforded the opportunity to be present with counsel at the taking of written depositions. In Jacoby, accused's counsel objected to the taking of depositions upon written interrogatories on the basis that the accused would be denied her right to confrontation of the witnesses against

her and made the same objection at trial. Both objections were overruled at the trial. On appeal, the Court of Military Appeals reversed the conviction. Three weeks later, in United States v. Lawrence, 29 C.M.R. 320 (1960), the Court of Military Appeals reversed a similar case involving written interrogatories that were objected to as denying the right of confrontation, citing the Jacoby case. Also see United States v. Weinstein, 29 C.M.R. 415 (1960).

However, it cannot be said that the objections raised by O'Callahan's counsel were not considered by the military courts. Under the circumstances, it appears that the objections were given due consideration and our review will go no further. Swisher v. United States, 237 F.Supp. 921, 924–929 (W.D.Mo.1965); affirmed in 354 F.2d 472 (8th Cir. 1966). It appears from the record that the military has given fair consideration to the petitioner's claim, thus it is not the federal court's function to grant the writ to re-evaluate the evidence. Sunday v. Madigan, 301 F.2d 871, 873 (9th Cir. 1962).

■■ The final claim by O'Callahan is that he was convicted by a two-thirds vote rather than by unanimity and that he did not have a jury trial in violation of his constitutional rights. In Whelchel v. McDonald, 340 U.S. 122, 127, 71 S.Ct. 146, 149, 95 L.Ed. 141 (1950), it is stated that: "The right to trial by jury guaranteed by the Sixth Amendment is not applicable to trials by courts-martial or military commissions." Petitioner was in the United States Army at the time of the trial and he was not entitled to either a unanimous guilty verdict nor a trial by jury. There are no deprivations of any constitutional rights in this regard.

Accordingly, the petition for writ of habeas corpus will be dismissed and the motion of the Respondents will be granted.

1. On page 19 of the Record of Trial, O'Callahan's counsel cited U. S. v. Valli, 21 C.M.R. 186 (1956), stating that he relied on the language therein. The right of confrontation is discussed therein.